Andrew J. Rogers, Appellant, *v.* William A. Patterson and Others, Respondents.

*Action to charge a decedent's debt on his real property — purchasers pending the action — necessary parties.*

Where a complete determination of a controversy cannot be had without the presence of other parties, it is the duty of the court to direct them to be brought in.

An action was brought by a creditor of John H. McCunn, deceased, to charge a debt, due by him to the plaintiff, upon his real estate in the possession of his heirs, three years having elapsed since his death. Pending this action the real estate in question was sold in an action for partition. The plaintiff filed a *lis pendens* and also gave actual notice to the purchasers at the sale in partition of the existence of his debt and of his action to enforce it.

Upon an appeal from the order denying his motion to make the purchasers upon the partition sale parties to his action,

*Held,* that as section 1853 of the Code of Civil Procedure, applicable to this action, protected purchasers in good faith and for value of the premises against which the debt of the deceased person is sought to be enforced, it was the plaintiff's right to have the purchasers made parties in order to have it determined in this action whether they or any of them were entitled to the protection of the statute.

Appeal by the plaintiff, Andrew J. Rogers, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of April, 1895, denying his motion to bring in new parties defendant in the action.

*George M. Baker,* for the appellant.

*Charles Fox,* for the respondents.

Per Curiam:

It is the duty of the court, where a complete determination of a controversy cannot be had without the presence of other parties, to direct them to be brought in. (Code Civ. Proc. §§ 452 *et seq.*)

The only question before this court, therefore, is, whether the parties whom the plaintiff seeks to have brought in as defendants in this action are necessary parties within the intent of the statute?

The complaint alleges a good cause of action, and, for the purposes of this motion, it must be assumed to be true. And, considering its

allegations in connection with the facts stated in the affidavit of the plaintiff's attorney, it seems quite clear that the motion to bring in other parties as defendants should have been granted.

The suit is brought under the statute (§§ 1843 *et seq.*, Code Civ. Proc.) against the heirs at law of John H. McCunn, deceased, to collect a debt due from him to the plaintiff.

At the time of the commencement of this suit more than three years had elapsed since the decedent's death, and hence, that species of statutory lien running with the land, which creditors have, was terminated. Thereafter the remedy of the plaintiff was against the heirs of McCunn to the extent of the value of the lands which came to them by descent from him. And in a suit timely brought against such heirs at law the plaintiff may acquire a lien upon such of the lands as had not been aliened by the heirs at the time of its commencement. (Code Civ. Proc. § 1852.)

It appears that, when this suit was brought, certain real estate which had descended to these defendants as heirs at law of John H. McCunn had not been sold, and hence, under the provisions of the section last referred to, the final judgment (if plaintiff shall be successful, and for the purposes of this motion we must assume that he may be) may direct that the debt of the plaintiff be collected out of such real property. But in the meantime this property has been sold, by virtue of a judgment in partition, to the several parties whom the plaintiff insists must be brought in as defendants.

It appears, not only by the filing of the *lis pendens,* but by actual notice given at the time of the sale, that the purchasers were informed fully of the pending action, and the plaintiff's claim thereunder.

If the plaintiff shall be entitled in this suit to a judgment directing that his claim be collected out of the real property of McCunn, it is also his right to have it determined in the same suit whether any or all of the purchasers are entitled to the protection of section 1853 of the Code of Civil Procedure, which provides that the title of a purchaser in good faith and for value, acquired before the notice of the pendency of the action is filed, or final judgment is entered and the judgment roll filed, is not affected by the judgment provided for by the three preceding sections. Otherwise, the plain-

tiff, after obtaining a judgment against the heirs of McCunn, and directing the sale of the real estate which descended to them, to satisfy it, might be confronted, in an attempt to enforce the lien, with the claim by some of the purchasers that they were purchasers in good faith and entitled, therefore, to the protection afforded by section 1853.

Such unnecessary litigation the law abhors, and its aim is to prevent a multiplicity of suits, and to accomplish that purpose it is made the duty of the courts, in such cases as the one under consideration, to bring in the purchasers of the land, upon which the lien is sought to be established, to the end that all possible question or questions relating to its enforcibility, as well as to the right of acquisition, may be fully and finally determined.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion granted.

Present — VAN BRUNT, P. J., O'BRIEN and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted.